[Crim. No. 2781.   Second Appellate District, Division Two.—September 24, 1935.]

THE PEOPLE, Respondent, v. ARTHUR MEDINA, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant appeals from a conviction of rape. ▮ The sole contention of the defendant is that

the waiver of a trial by jury was made after the court had started to impanel the jury and that the court could not try the case thereafter without a jury. The impaneling of the jury had not been completed. Article I, section 7, of the Constitution, as amended in 1928, among other things, provides: " .... A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel." The defendant does not contend that the waiver was not made in due form but only that it was made too late. There is nothing in the Constitution which requires that the waiver be made before the court starts to impanel the jury, and there is no basis in common sense or morals for the defendant's contention.

Judgment affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.